IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KENSY J. DOWDY** | § | **PLAINTIFF** |
| | § | |
| **v.** | § | **CAUSE NO. 1:04CV535** |
| | § | |
| **LEE PATRICK PALMER, ET AL.** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT DUB HERRING FORD'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [35] filed by Defendant Dub Herring Ford, Inc. Plaintiff has responded, and Defendant has filed its rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Motion should be denied.

DISCUSSION

The uncontested facts of this case are that Plaintiff Kensy Dowdy and Defendant Lee Patrick Palmer, while they were husband and wife, leased one vehicle from Defendant Dub Herring Ford in August 2000 and purchased another vehicle from Dub Herring in May 2001. Payments on the vehicles became delinquent, and the lienholder, Ford Motor Credit Company, repossessed the vehicles and sought collection on the delinquent accounts. Dowdy and Palmer have since divorced.

Plaintiff Dowdy alleges that while in the presence of Dub Herring Ford employees, her former husband forged her signature on documents in order to lease and purchase the vehicles. Plaintiff alleges no knowledge of her former husband's activity until he fell behind on the payments and she began receiving collection calls from Ford Motor Credit Company.

*The Legal Standard*

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail.  Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir. 1940).  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Id.* at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

*Re Judicata*

Dub Herring Ford argues that res judicata bars Plaintiff's claims in this lawsuit, because Plaintiff could have brought these claims during the divorce proceedings between herself and Defendant Lee Palmer.  Claim preclusion, or res judicata, bars the litigation of claims that either

have been litigated or should have been raised in an earlier suit." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 934 (5th Cir. 1999), *citing Super Van Inc. v. San Antonio*, 92 F.3d 366, 370 (5th Cir. 1996). The test for claim preclusion has four elements: (1) The parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Southmark Corp.,* 163 F.3d at 934, quoting *Swate v. Hartwell*, 99 F.3d 1282, 1286 (5th Cir. 1996). Res judicata does not bar subsequent litigation when the court in the prior action could not have awarded the relief requested in the new action. *Marvel Characters, Inc. v. Simon* , 310 F.3d 280, 287 (2nd Cir. 2002) (citations omitted).

Clearly, the court in the divorce action could not have awarded Plaintiff any of the relief requested in this action against Dub Herring Ford. Dub Herring, a corporate entity, was not a party to the divorce action. Nor is Dub Herring in privity with Lee Palmer. There is no relationship alleged or shown between the two other than buyer and seller. They are therefore not "sufficiently related to merit the application of claim preclusion." *Russell v. SunAmerica Securities, Inc.,* 962 F.2d 1169, 1174 (5th Cir. 1992). The Defendant's request for summary judgment on the basis of res judicata will therefore be denied.

*Ratification*

Dub Herring argues that even if Plaintiff's signature was forged on the lease and purchase documents, her deposition testimony shows that Plaintiff ratified those agreements by 1) being aware of the lease and purchase of the vehicles; 2) driving and riding in the vehicles; and 3) making installment payments on the vehicles from joint checking account she maintained with

Lee Palmer.  (Attachment #3 to docket entry no. 39, pgs. 48, 58).

Plaintiff points out that she also testified in her deposition that although she was aware that her husband had leased and purchased the vehicles, she never questioned him about them because she figured that he had bought them himself.  (Attachment #2 to docket entry no. 39, pgs. 52, 53).  He bought vehicles "quite regularly."  (Attachment #3 to docket entry no. 39, pg. 76).  She discovered her name on one of the payment booklets "and I asked him why was my name on there.  He said 'Oh, they made a mistake. [T]hey only needed your name to verify that I was married to you.'" (Attachment #3 to docket entry no. 39, pg. 74).  It was not until she began getting collection calls from Ford Motor Credit, around December 2001, that Plaintiff learned that she was jointly indebted with her husband, by virtue of her allegedly forged signature on the lease and loan documents.  (Attachment #2 to docket entry no. 39, pg. 53).  She immediately protested.  *Id*.

"A contract obligation obtained by fraudulent representation is not void, but voidable.  Upon discovery thereof, the one defrauded must act promptly and finally to repudiate the agreement; however, a continuance to ratify the contract terms constitutes a waiver." *Turner v. Wakefield*, 481 So.2d 846, 848-49 (Miss. 1985).  *See also Edwards v. Wurster Oil Co., Inc*., 688 So.2d 772, 775 (Miss. 1997).  According to Plaintiff's deposition testimony, the actions which Dub Herring allege indicate a ratification of the lease and purchase contracts all appear to have taken place before Plaintiff became aware that her signature was attached to the documents.  Under these circumstances, the Court cannot say that as a matter of law, Plaintiff ratified the lease and purchase contracts.  The evidence provided to the Court shows instead that there is a question of material fact for the jury on the issue of ratification.

*Compensatory Damages*

Dub Herring claims that Plaintiff is unable to show that she suffered any damage as a result of the alleged actions of Dub Herring.  According to Dub Herring, Ford Motor Credit is no longer seeking repayment from Plaintiff, and furthermore, Plaintiff has not provided evidence that her credit rating was affected by the collection action.  Dub Herring points to Plaintiff's deposition (Docket No. 39, Attachment 2):

> Q. Have you ever been sued before?
>
> A. No, I have not.
>
> Q. And I may be mistaken, but did Ford Motor Credit ever sue you?
>
> A. They tried, yes.
>
> Q. But they never did sue you?
>
> A. Not after I filled out all the necessary paperwork and sent them all the information I have.
>
> Q. Did they finally take you off the loan?
>
> A. Yes, they did.
>
> Q. Has your credit been effected in any way that you know of?
>
> A. Yes, it has.
>
> Q. Do you have a current credit report?
>
> A. No, I don't have a current one.
>
> Q. What is the last credit report you received?
>
> A. The last credit report was in 2002.

*Id.* at 55, 56.

Dub Herring contends that "Ford Motor Credit Company dismissed its collection suit against Dowdy and released Dowdy of any liability on the delinquent accounts," apparently relying on the Plaintiff's deposition testimony. However, there is no evidence that the suit has been dismissed. The only evidence provided shows that attempts at collection were made, and a complaint and an answer were filed in Washington Parish, Louisiana in 2004. (Ex. "D" to Defendant's Motion, unnumbered pages 19-37). In the Court's opinion, this evidence does not meet Dub Herring's burden of "demonstrat[ing] the absence of a genuine issue of material fact" because it only goes to the status of the lawsuit, which is apparently still pending. It does not tend to show that Dowdy suffered no damages from the collection activities and lawsuit.

Similarly, although Dub Herring contends that the Plaintiff has not shown that her credit rating was affected by the collection activities of Ford Motor Credit Company, at the summary judgment stage it is Defendant's burden to provide evidence "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 325 (1986). Dub Herring has provided no evidence on this point, while Plaintiff provides a copy of her credit report showing that her score is between "fair" and "poor." (Plaintiff's Ex. "C"). It will be a question for the jury whether the actions of the Defendants caused or contributed to Plaintiff's impaired credit rating and caused her actual damages. The Court therefore finds that Dub Herring Ford is not entitled to summary judgment on the issue of compensatory damages.

*Punitive Damages*

There is no right to punitive damages. *Doe ex rel. Doe v. Salvation Army*, 835 So.2d 76, 79 (Miss. 2003). Only if certain statutory criteria are met does the court undertake a determination of whether the issue of punitive damages should be submitted to the jury. *Id.* The

criteria are set out in MISS. CODE ANN. § 11-1-65(1)(d):

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant, against whom punitive damages are sought, acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

*Id.* When deciding whether to submit the issue of punitive damages to a trier of fact, the trial court looks at the totality of the circumstances to determine if a reasonable, hypothetical trier of fact could find either malice or gross neglect/reckless disregard. *Doe v. Salvation Army*, 835 So.2d at 81. "The facts must be highly unusual as punitive damages are only awarded in extreme cases." *Gamble ex rel. Gamble v. Dollar General Corp.*, 852 So.2d 5, 15 (Miss. 2003) (citations omitted). Punitive damages should only be "allowed with great caution and within narrow limits." *Wilson v. State Farm Fire and Cas. Co.,* 761 So.2d 913, 921 (Miss.App. 2000).

Dub Herring Ford contends that Plaintiff is not entitled to a punitive damages instruction because she has not established a genuine issue of material fact as to fraud. According to Dub Herring, Plaintiff has not presented specific facts showing that Dub Herring committed fraud, and in particular, Plaintiff has not named a specific employee or agent involved in the fraud. Plaintiff objects that it would be premature to rule on the issue of a punitive damage instruction at this stage of the proceedings, before discovery has been completed. The Plaintiff also points to the vehicle purchase and lease documents, which contain her allegedly forged signature and the signatures of Dub Herring Ford employees. (*See, e.g.*, Def. Ex. #4 to docket entry no. 38). If Plaintiff is successful in showing that her signature was forged, then these documents may be enough to show the "who, what, when, where, and how" essential to a fraud claim. *Williams v. WMX Techs., Inc*., 112 F.3d 175, 179 (5th Cir.1997).

However, even if the facts supported a finding that Dub Herring had acted fraudulently, that would not necessarily warrant instructing the jury on punitive damages. *Boling v. A-1 Detective & Patrol Service, Inc.*, 659 So.2d 586, 589 (Miss. 1995). The Mississippi Supreme Court stated in *Gardner v. Jones,* 464 So.2d 1144 (Miss. 1985) that, "[p]unitive damages do not follow as the day the night every finding that a defendant has been guilty of fraud. Though fraud is frequently an ingredient of an award of punitive damages, it is clear from our cases that more is required." *Id.* at 1148.

Although it may be difficult for Plaintiff to meet the very high Mississippi standard for a punitive damages instruction, it is the Court's opinion that Dub Herring has not shown that it is entitled to summary judgment on Plaintiff's claim for punitive damages at this time. The parties should have full opportunity to develop the facts in this case before the Court makes its determination on submission of a punitive damages instruction.

**IT IS THEREFORE ORDERED AND ADJUDGED** that for the reasons stated above, the Motion for Summary Judgment [35-36] filed by Defendant Dub Herring Ford, Inc. is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 19th day of January, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE